UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                                                         :

STEPHEN LEWIS,

                       Plaintiff,

- against -

BRIAN FISCHER, COMMISSIONER
OF N.Y.S. DEPARTMENT OF
CORRECTIONS; NEW YORK STATE
DEPARTMENT OF CORRECTIONS;
DENNIS BRESLIN, SUPERINTENDENT
ARTHUR KILL CORRECTIONAL
FACILITY; CORRECTIONS OFFICER
T. BURROUGHS; CORRECTIONS
OFFICER SMITH; CORRECTIONS
OFFICER BING; and CORRECTIONS
OFFICER POWELL,

                    Defendants.
---------------------------------------------------------- X

FOR ONLINE PUBLICATION ONLY

MEMORANDUM
AND ORDER

08-CV-3027 (JG) (LB)

A P P E A R A N C E S:

    STEPHEN LEWIS
        07-A-1689
        Arthur Kill Correctional Facility
        2911 Arthur Kill Road
        Staten Island, NY 10309
        Plaintiff, *pro se*

    ANDREW M. CUOMO
        Office of the New York State Attorney General
        120 Broadway
        New York, NY 10271
    By:   Thomas M. Biesty
        Andrew Hodge Meier
        Attorneys for Defendants

JOHN GLEESON, United States District Judge:

Plaintiff Stephen Lewis, currently incarcerated in the Arthur Kill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, claiming that defendant Corrections Officer ("C.O.") T. Burroughs sexually assaulted him during a pat down, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Lewis also alleges that C.O.s Bing, Powell and Smith witnessed C.O. Burroughs's sexually abusive conduct and failed to intervene to stop it. Lewis's complaint also names as defendants Brian Fischer ("Fischer"), the Commissioner of the N.Y. State Department of Corrections, Dennis Breslin ("Breslin"), the Superintendent of Arthur Kill Correctional Facility and the New York State Department of Corrections ("DOCS"). Lewis is seeking $5,000,000 in compensatory damages, $1,000,000 in damages for pain and suffering and $1,000,000 in damages for aggravation of a pre-existing condition. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1] For the reasons stated below, the motion is granted in part and denied in part.

BACKGROUND

The following facts, taken from the plaintiff's complaint, are assumed to be true for the purposes of this motion.

On November 8, 2007, at approximately 2:00 p.m., Lewis, an inmate at Arthur Kill Correctional Facility, approached the Administration desk to pick up a facility commissary sheet and to get a new ID card. Earlier that day Lewis had explained to his housing officer, C.O. Johnson, that he had lost his ID card. Johnson instructed Lewis to go to the Administration desk to get a new card and said he would call ahead to inform them of the situation. When Lewis

---

[1] Although the defendants state in their papers that they are moving under 12(b)(1) and 12(b)(6), at oral argument counsel clarified that they are moving solely under 12(b)(6).

arrived at the Administration desk, C.O.s Burroughs, Bing, Powell and Smith were present.[2]
Burroughs asked Lewis for his name, the reason for his visit and to present his ID card. Lewis explained that he was the individual Johnson had called about who had lost his ID card. Burroughs proceeded to question Lewis in a hostile manner about where he lost his ID card and whether he had his program card instead. Lewis provided his program card to Burroughs and told him, "You shouldn't talk to people like that." Compl. 2. In response, C.O.s Powell and Bing each remarked, "That sounds like a threat to me." *Id*. Burroughs then ordered Lewis to put his hands on the wall. Lewis complied.

Burroughs performed an aggressive body search of Lewis. Burroughs patted down Lewis's left arm and leg and then placed his left hand on Lewis's back and used his right hand to pat down Lewis's right leg from the ankle to the groin. When Lewis asked Burroughs what he was doing, he was told to "Keep quiet and face the wall." *Id*. The pat down culminated with Burroughs putting his hand into Lewis's pants and fondling his penis and squeezing his testicles, which caused Lewis severe pain. Again Lewis asked Burroughs what he was doing. This time Smith responded, "Shut up and face the wall. I'm not going to tell you again." *Id*. Lewis then turned his head to the left and looked at his watch. He noted that Burroughs continued to abuse him for another 10 seconds. At no point did any of the other C.O.s who were present and observing intervene to stop Burroughs's conduct.

Lewis experienced great physical pain as well as humiliation and embarrassment as a result of Burroughs squeezing his testicles and fondling his penis. He claims that he continues to suffer from flashbacks of the incident and nightmares of officer gang rape. He remains afraid of walking down hallways and of being assaulted again. Lewis indicated that

---

[2] C.O.s Bing, Powell and Smith are all female officers. Although Lewis refers to a C.O. Purcell throughout the complaint, the docket reflects that the proper party is named Powell, not Purcell.

3

several other witnesses observed Burroughs touching him. His complaint includes the names of two inmates who made statements and alluded to one unnamed officer who witnessed the event but refused to make a statement because he feared retaliation.

Lewis exhausted his administrative remedies by first filing a grievance for sexual assault on November 14, 2007, which was denied, and then appealing that decision. On June 3, 2008, Lewis filed his complaint in the Southern District of New York. On July 23, 2008, the case was transferred to this district. Lewis's application to proceed *in forma pauperis* was granted on August 4, 2008. On January 22, 2009, the defendants moved to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6). Oral argument on the motion took place on March 12, 2009, at which Lewis appeared via video-conference.

## DISCUSSION

*A.     The Legal Standard for a Motion to Dismiss*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, ----, 127 S. Ct. 2197, 2200 (2007). However, I do not give effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, ----, 127 S. Ct. 1955, 1964-65 (2007)).

While generally "[s]pecific facts are not necessary" to state a claim so long as the statement gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it

rests,'" *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65. The Second Circuit has interpreted this principle as a "flexible 'plausibility standard'" under which a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis omitted) (interpreting *Twombly*). The Second Circuit's subsequent decision in *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008), however, strongly suggests that *Twombly* does not significantly alter the lenient, notice-focused standard used to assess the complaint of a *pro se* litigant. *Id*. at 213-14. *Boykin* noted that after *Twombly*, the Supreme Court's decision in *Erickson* addressed the sufficiency of a *pro se* plaintiff's pleading under Federal Rule of Civil Procedure 8(a). Relying on *Erickson*, the *Boykin* court concluded that "departure from Rule 8(a)'s liberal pleading standard was particularly unwarranted" where the complaint was filed *pro se*: "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin*, 521 F.3d at 214 (quoting *Erickson*, 124 S. Ct. at 2200).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated in it by reference; (3) matters of which judicial notice may be taken; or (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc*., 987 F.2d 142, 150 (2d Cir. 1993).

B.     *Defendants' Motion to Dismiss*

    1.     *Claims Against DOCS & Commissioner Fischer*

Defendant DOCS moves to dismiss Lewis's complaint on the ground that claims against it are precluded by the Eleventh Amendment. Defendant Fischer moves to dismiss on the ground that Lewis failed to adequately allege that he was personally involved in the alleged constitutional violation. In his opposition papers, Lewis moves for leave to amend the complaint to remove DOCS and Fischer as defendants in this suit. I take that response as an agreement by Lewis to the dismissal of the claims against those defendants, and thus all claims against DOCS and Fischer are dismissed.

    2.    *Claims Against Superintendent Breslin*

To assert a § 1983 claim against a prison official, a plaintiff must allege the personal involvement of the official in the alleged constitutional violation. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). A pleading is insufficient when it implicates a prison superintendent by mere "linkage in the prison chain of command; the doctrine of respondeat superior does not apply." *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (noting that a defendant in a § 1983 action may not be held liable for constitutional violations merely because he held a high position of authority). Personal involvement of a supervisory defendant can be demonstrated by evidence of: (1) direct participation in the constitutional violation; (2) failure to remedy the violation after learning of it through a report or appeal; (3) creation of a custom or policy fostering the violation or permitting the custom or policy to continue after learning of it; (4) grossly negligent supervision of subordinates who caused the violation; or (5) failure to act on information indicating that unconstitutional acts were occurring. *Id*.

Defendant Breslin argues that the claims against him should be dismissed because Lewis's complaint fails to allege that he was "personally involved in the alleged constitutional

6

deprivations" suffered by Lewis. Def. Mem. 6. Breslin contends that though he is included in the caption as a defendant, the complaint lacks any allegations regarding how he was personally involved in the challenged conduct. Lewis argues in his opposition papers that he did state, "though inartfully perhaps that, defendant Breslin was aware of defendant Burroughs's past conduct, and numerous claims [of] similar acts against other inmates at Arthur Kill." Pl. Mem. 6. Lewis claims that his complaint "signal[led]" that Burroughs's illegal behavior was "not an aberration," and thus that Breslin, as the superintendent who orders investigations of grievances, should have been aware of a pattern of Burroughs's unconstitutional conduct. Pl. Mem. 6-7. Lewis contends that Breslin's failure to act on information that unconstitutional acts were taking place makes him liable.

Lewis indeed alleges that numerous grievances have been filed against Burroughs for "fondling inmates." Compl. 3. Though he does not specifically allege that Breslin had personal knowledge of Burroughs's alleged misconduct, he explained at oral argument that he claims Breslin was personally aware of formal grievances by multiple inmates alleging sexual misconduct by Burroughs, and despite having knowledge of Burroughs's pattern of conduct failed to discipline or properly train him. Counsel for the defendants graciously consented to my inclination to deem the complaint amended to include these allegations, in light of which I cannot conclude as a matter of law that there was no actionable involvement on Breslin's part in the challenged conduct. Accordingly, Breslin's motion to dismiss is denied.

*3.    Eighth Amendment Claims of Sexual Abuse Against Officer Burroughs*

Defendant Burroughs argues that although sexual abuse of an inmate by a corrections officer can implicate the Eighth Amendment, *see Boddie v. Schnieder*, 105 F.3d 857,

7

860-61 (2d Cir. 1997), Lewis's claim against him fails because it does not satisfy the objective component of an Eighth Amendment claim. I disagree.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. In *Boddie*, the Second Circuit recognized that allegations of sexual abuse of an inmate by a corrections officer are cognizable as Eighth Amendment claims under § 1983. 105 F.3d at 860-62. To properly allege an Eighth Amendment claim, a plaintiff must satisfy two prongs: "one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). "[C]ourts considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991) (alterations in original)). To satisfy the subjective component, a plaintiff must allege that the defendant "had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Wright*, 554 F.3d at 268 (internal quotation marks omitted). To satisfy the objective component, the defendant's actions must be sufficiently serious to be actionable. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Burroughs argues that Lewis's claim fails to satisfy the objective component because it does not allege "severe or repetitive sexual" abuse.

        a.      *Objective component*

"The objective component of a claim of cruel and unusual punishment focuses on the harm done, in light of 'contemporary standards of decency.'" *Wright*, 554 F.3d at 268 (citing *Hudson*, 503 U.S. at 8). While acknowledging that "there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be objectively, sufficiently serious

enough to constitute an Eighth Amendment violation," the court in *Boddie* held that the alleged conduct failed to meet the requisite objective standard. 105 F.3d at 860-62 (internal quotation marks omitted).

As an initial matter, the conduct alleged by Lewis is dissimilar to that in *Boddie*. The plaintiff in *Boddie* "assert[ed] a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against" in a provocative manner without his consent. *Id*. at 861. Here, the conduct at issue involves more than mere non-consensual touching or pressing on top of the clothes: Lewis alleges that Burroughs reached inside his pants and fondled his penis and squeezed his testicles causing him severe pain and humiliation in the presence of others.

The context of the challenged conduct also informs whether it is sufficiently serious to violate the plaintiff's Eighth Amendment rights. In assessing the objective component in similar claims, courts have found a pat down of the genital area appropriate in limited circumstances, such as to search for hidden contraband. For example, in *Williams v. Fitch*, 550 F. Supp. 2d 413 (W.D.N.Y. 2008), the corrections officers' conduct failed to satisfy the objective component where they had searched and handled an inmate's penis on three different occasions. The court explained that the conduct was not only warranted -- the inmate's "*modus operandi* of smuggling contraband" was to put it in the folds of his foreskin -- but also that the searches were "undertaken in a reasonable manner, in a private location, without undue physical intrusion, humiliation or physical injury, and for the purpose of locating the contraband." *Id.* at 415; *see also Moore v. Casselberry*, 584 F. Supp. 2d 580, 583 n.2 (W.D.N.Y. 2008) (no Eighth Amendment claim where C.O. allegedly fondled inmate's genitals because conduct was neither severe nor repetitive and because it was "part of a protective frisk"); *Davis v. Castleberry*, 364 F.

9

Supp. 2d 319, 321-22 (W.D.N.Y. 2005) (allegation that C.O. grabbed inmate's penis during routine pat down held insufficient to state constitutional claim, noting that a legitimate pat down may involve touching inmate's genital area); *Williams v. Keane*, No. 95 CIV 0379, 1997 WL 527677, *9-11 (S.D.N.Y. Aug. 25, 1997) (no Eighth Amendment claim where inmate alleged that his testicles were fondled by C.O. as part of a routine pat down when exiting the mess hall).

Unlike the conduct in *Williams*, Lewis alleges that his pat down was neither routine nor based on a search for weapons or contraband, but rather was harassment and punishment imposed upon him for objecting to being rudely questioned by Burroughs. In addition, the alleged assault took place in a hallway, rather than a private setting. Lewis also alleges that he suffered humiliation, physical pain, an aggravation of an unspecified pre-existing condition and subsequent psychological harm.

In sum, *Boddie* suggested that even a single incident can be actionable under the Eighth Amendment provided it is "severe enough to be objectively, sufficiently serious." 105 F.3d at 861 (internal quotation marks omitted). I conclude that the conduct alleged by Lewis satisfies that standard.

    b.  *Subjective component*

Although the defendants do not argue that Lewis's allegations failed to satisfy the subjective component of his claim, I will briefly address that issue. "Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence" to meet the subjective element of an Eighth Amendment claim. *Boddie*, 105 F.3d at 861. I find that Burroughs's alleged abuse of Lewis is sufficient evidence of the subjective prong because, based on the facts alleged, it evinces Burroughs's "unnecessary and wanton infliction of pain" on the plaintiff and does not

10

relate to a justified search. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Turner v. Huibregtse*, 421 F. Supp. 2d 1149, 1151-52 (W.D. Wis. 2006) ("[G]rabbing a prisoner's buttocks and fondling his penis do not advance any legitimate security interest. Plaintiff has alleged sufficient facts to state a claim that defendant ... searched him in a harassing manner intended to humiliate and inflict psychological pain.").

Accordingly, defendant Burroughs's motion to dismiss the Eighth Amendment claim against him is denied.

   4. *Claims Against Officers Bing, Powell and Smith for Failure to Intervene*

Law enforcement officials can be held liable under § 1983 for not intervening in a situation where another officer is violating an inmate's constitutional rights. *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008). A state actor may be liable for failing to prevent another state actor from committing a constitutional violation if "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Id.*; *see also Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 129 (2d Cir. 1997) ("Failure to intercede to prevent an unlawful arrest can be grounds for § 1983 liability.").[3] Whether an officer can be held liable on a failure to intervene theory is generally a question of fact for the jury to decide. *See Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1992) ("Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise.").

---

  [3] A law enforcement official "cannot be held liable in damages for failure to intercede unless such failure permitted fellow officers to violate a[n individual's] 'clearly established statutory or constitutional rights' of which a reasonable person would have known." *Ricciuti*, 124 F.3d at 129 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When no constitutional violation has taken place, bystanding officers cannot be held liable. *See, e.g., Allaway v. McGinnis*, 473 F. Supp. 2d 378, 383 n.2 (W.D.N.Y. 2007).

Lewis alleges that Bing, Powell and Smith observed him being sexually assaulted by Burroughs and failed to intervene, in violation of § 1983. Bing, Powell and Smith argue that even if Lewis has adequately alleged an Eighth Amendment claim against Burroughs, his allegations against them fail because they did not have a "realistic opportunity to intervene and prevent the harm." *Jean-Laurent*, 540 F. Supp. 2d at 512. Noting that Lewis's complaint alleges the abuse only lasted 10 seconds, the officers argue that "[s]uch a short duration of time would not permit" them to intervene. Def. Mem. 11. However, the abuse allegedly lasted longer than 10 seconds. Lewis's complaint makes clear that Burroughs had already begun to touch Lewis's penis and testicles before Lewis looked at his watch. Specifically, Lewis alleges that he when he objected to being fondled by Burroughs, Smith told him to "Shut up and face the wall." Compl. 2. He further alleges that only after the other officers reprimanded him -- rather than stop Burroughs -- did he turn his head to the left and look at his watch. *Id*.

These allegations constitute a plausible failure to intervene claim. Lewis's complaint adequately alleges that C.O.s Bing, Powell and Smith were aware of Burroughs's conduct and failed to take reasonable steps to intervene despite having a realistic opportunity to do so. The motion to dismiss the claims against Bing, Powell and Smith is therefore denied.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted to the extent that the case is dismissed as against DOCS and Fischer. In all other respects, the motion is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 12, 2009
Brooklyn, New York